

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| TREVEE GETHERS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:08-3483-HFF-BM |
| | § | |
| CAPTAIN TA VAN DORAN, LT. | § | |
| CARMICHAEL, LT. HEYWARD, | § | |
| SGT. DEBELLO, and PFC EZEL, | § | |
| Defendants. | § | |

ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and the case dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 11, 2009, but Plaintiff failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Although Plaintiff failed to file any objections, he did mail the Court a letter, which the Clerk entered on August 25, 2009. That letter fails to raise any objections to the Magistrate Judge's Report. Instead, Plaintiff asks this Court to compel the solicitor's office to "bring all the evidence they have to the table" in his upcoming state criminal trial. Such a motion is more appropriately brought in state court, not this federal court. Moreover, federal courts are very reluctant to intervene in ongoing state criminal proceedings. *See generally Younger v. Harris*, 401 U.S. 37 (1971) (discussing whether to enjoin pending state criminal proceeding). Thus, Movant's letter, which the Court will construe as a motion to compel, is **DISMISSED** *without prejudice* to his bringing a similar motion in state court.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motion for summary judgment be **GRANTED** and the case **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 8th day of September, 2009, in Spartanburg, South Carolina.

    s/ Henry F. Floyd
    HENRY F. FLOYD
    UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.